```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHRISTOPHER JUSTIN EADS, | : |
| Plaintiff, | : Civ. No. 19-18394 (NLH)(JS) |
| v. | : **MEMORANDUM OPINION & ORDER** |
| FEDERAL BUREAU OF PRISONS et al., | : |
| Defendants. | : |

APPEARANCE:

Christopher Justin Eads, 10391-028
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

    Plaintiff Pro se

Craig Carpenito, United States Attorney
Jane Dattilo, Assistant United States Attorney
United States Attorney's Office
970 Broad Street
7th Floor
Newark, NJ 07102

    Attorneys for Defendants

HILLMAN, District Judge

    WHEREAS, Plaintiff Christopher Justin Eads, a federal prisoner presently incarcerated in FCI Fairton, New Jersey, filed an amended complaint under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., Bivens v. Six Unknown Named Agents

of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, see ECF No. 11; and

WHEREAS, the Court permitted the complaint to proceed in part, see ECF No. 12; and

WHEREAS, Plaintiff also filed a motion for a temporary restraining order and preliminary injunction requesting medical treatment for his broken nose and post-concussive syndrome, ECF No. 3; and

WHEREAS, the Court denied the motion as the allegations as stated in the complaint did not meet the gateway requirements of a likelihood of success on the merits and showing of irreparable injury, ECF No. 19;[1] and

WHEREAS, Plaintiff filed a motion for reconsideration of that order based on his disagreement with the Court's decision, ECF No. 20; and

WHEREAS, Plaintiff supplemented the motion stating he was diagnosed with the novel coronavirus COVID-19 which exacerbated his health conditions, ECF No. 26; and

WHEREAS, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening

---

[1] The order also denied motions for the appointment of counsel and for a temporary restraining order prohibiting the Bureau of Prisons from "scanning" Plaintiff's mail from the Court. Plaintiff does not ask for reconsideration of that portion of the order.

change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); and

WHEREAS, Plaintiff's disagreement with the Court's decision, ECF No. 20, is not a valid basis for reconsideration.  However, his diagnosis with COVID-19 subsequent to the Court's order is new evidence justifying reconsideration given the seriousness of the virus and its aftereffects; and

WHEREAS, the Court will grant the motion for reconsideration.  ECF Nos. 20 & 26.  Defendants are ordered to show cause in 14 days why a preliminary injunction requiring immediate treatment for Plaintiff's conditions should not issue,

THEREFORE, IT IS on this  3rd   day of November, 2020

ORDERED that Plaintiff's motion for reconsideration, ECF Nos. 20 & 26, is granted.  The Court's order of April 16, 2020, ECF No. 19, is vacated only to the extent it addresses Plaintiff's medical treatment; and it is further

ORDERED that Defendants are ordered to show cause in 14 days why a preliminary injunction requiring immediate treatment for Plaintiff's conditions should not issue; and it is finally

ORDERED that the Clerk shall send Plaintiff a copy of this Order by regular mail.


At Camden, New Jersey               s/ Noel L. Hillman
                                   NOEL L. HILLMAN, U.S.D.J.