UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER JUSTIN EADS,<br><br>        Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>        Defendants. | No. 19-cv-18394 (NLH) (JS)<br><br>**OPINION** |

APPEARANCES:

Christopher Justin Eads, 10391-028
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

    Plaintiff Pro se

Craig Carpenito, United States Attorney
Jane Dattilo, Assistant United States Attorney
United States Attorney's Office
970 Broad Street
7th Floor
Newark, NJ 07102

    Attorneys for Defendants

HILLMAN, District Judge

    Plaintiff Christopher Justin Eads, a federal prisoner presently incarcerated in FCI Fairton, New Jersey, is proceeding with an amended complaint under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the

1

Federal Tort Claims Act. <u>See</u> ECF No. 11. The Court screened the amended complaint and permitted it to proceed on February 20, 2020. ECF No. 12.

Plaintiff filed a motion for a preliminary injunction with his complaint asking the Court to order the Bureau of Prisons to provide immediate medical treatment for his broken nose and post-concussive syndrome. ECF No. 3. The Court denied this motion. ECF No. 19. Plaintiff filed a motion for reconsideration of that order on the grounds that he had been diagnosed with COVID-19 after the Court's order and was having exacerbated symptoms. ECF No. 26. The Court reinstated the preliminary injunction motion and directed Defendants to respond to the motion for preliminary injunction. ECF No. 38.

Defendants filed their response on November 17, 2020. ECF No. 39. The Court denied Plaintiff's motion for a preliminary injunction on November 30, 2020. ECF No. 44. The next day, the Court received Plaintiff's motion for additional time to respond to Defendants' arguments. ECF No. 45. The Court received Plaintiff's opposition papers on December 11, 2020. ECF No. 48.

The Court issued its decision on the motion for preliminary injunction before it received Plaintiff's request for more time. Plaintiff has not formally sought reconsideration of the decision, but the Court has reviewed Plaintiff's submissions in the interests of justice. After reviewing the papers, the Court

2

declines to reopen or reconsider its decision to deny the preliminary injunction.[1]  The motion for an extension of time will be dismissed as moot.

To obtain preliminary injunctive relief, the moving party must demonstrate: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017).

"[A] movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." Id. at 179.  "If these gateway factors are met, a court then

---

[1] The Court notes for the record that Plaintiff filed a separate motion for a temporary restraining order to prevent the Bureau of Prisons from transferring him to a different facility.  ECF No. 50.  He filed a request to supplement that motion with additional documents that raise new allegations about his medical treatment from December 2020 to February 2021.  ECF No. 54.  Those motions are under separate consideration by this Court as this motion concerns Plaintiff's medical care prior to November 2020.

3

considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." Id.

Plaintiff disputes Defendants' characterization that he has "recovered" from COVID-19. ECF No. 48 at 16. He states that he continues to feel ill and might be at risk for serious illness or injury due to his pre-existing conditions. Id. at 17-18. He asserts he has developed high blood pressure and anemia because of COVID-19. Id. at 29. He claims to have extreme difficulties breathing from his mouth "due to COVID related aftereffects on my breathing capacity." Id. at 36. The last visit for which the Court had records, November 10, 2020, indicated Plaintiff had a normal temperature and an oxygen saturation rate of 97 percent. ECF No. 40 at 2; see also ECF No. 48 at 64. At that visit, Plaintiff "deni[ed] cough or wheezing. He denies chest pain or heart palpitations." ECF No. 48 at 63.

Essentially, Plaintiff's papers set forth a dispute as to how he felt in the past. This is not enough for the Court to grant an injunction. The Court does not minimize the effects of COVID-19, but "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted). This

4

standard is heightened "where the relief ordered by the preliminary injunction is mandatory and will alter the status quo . . . . " Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP, 528 F.3d 176, 179 (3d Cir. 2008).  The possibility that Plaintiff may be harmed at some indefinite point in the future is not enough for this Court to issue a mandatory injunction.  Plaintiff has not met his burden of showing he is in immediate danger of irreparable injury as required by Federal Rule of Civil Procedure 65.

Plaintiff's motion for an extension of time will be dismissed as moot.  After considering Plaintiff's papers that were submitted after this Court's decision, the Court declines to reconsider or reopen the motion for preliminary injunction.

An appropriate order follows.


Dated: February 16, 2021            s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

5