```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHRISTOPHER JUSTIN EADS,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Defendants. | Civil Action No. 19-18394<br>        (NLH) (MJS)<br><br><br>       OPINION |

APPEARANCES:

Christopher Justin Eads
10391-028
Federal Correctional Institution Fairton
P.O. Box 420
Fairton, NJ 08320

   *Plaintiff Pro Se*

Rachael A. Honig, Acting United States Attorney
Jane Dattilo, Assistant United States Attorney
U.S. Attorney's Office for the District of NJ
970 Broad Street
Suite 700
Newark, NJ 07102

   *Attorneys for Defendant the Federal Bureau of Prisons*

HILLMAN, District Judge

   This matter comes before the Court on three motions:

Defendant Federal Bureau of Prisons' ("BOP") motion to dismiss

Plaintiff Christopher Eads' claims under the Administrative

Procedure Act ("APA"), ECF No. 31; Plaintiff's motion for the

regimen, such as the use of saline spray 2-3 times a day and to use Mucinex (without decongestants)." Id. ¶ 49.  On August 2, 2018, FCI Fairton's medical staff diagnosed Plaintiff with floaters in both eyes and recommended a follow-up exam in eight weeks.  Id. ¶ 51.  The staff instructed Plaintiff to notify them if his symptoms worsened.  Id.

In the months following Plaintiff's evaluations, Plaintiff repeatedly requested follow-up visits with outside specialist and submitted multiple sick call requests concerning nasal and eye conditions.  Id. ¶¶ 31, 34, 52-55, 83.  During this period, Plaintiff states that he did not receive adequate treatment for his pain and that FCI Fairton's medical staff did not comply with the treatment recommended by outside specialists.  Id. ¶¶ 51-92.

Plaintiff filed his amended complaint on February 18, 2020. In addition to allegations of constitutional violations, Plaintiff brings APA claims against Defendant alleging that Defendant's treatment of his nasal and eye conditions was arbitrary, capricious, and an abuse of discretion.  Id. ¶ 30, ¶¶ 96-99, 116, 141.  Defendant moves to dismiss Plaintiff's APA claims.  ECF No. 31.  Plaintiff opposes.  ECF No. 33.

II.  STANDARD OF REVIEW

Courts must liberally construe pro se pleadings.  Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing

3

Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  However, to survive a motion to dismiss, pro se litigants must still comply with federal pleading standards.  See Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010).

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Courts accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  Connelly v. Lane Const. Corp., 809 F.3d 780, 790 (3d Cir. 2016).  A Court may grant a motion to dismiss only if the plaintiff fails to allege sufficient factual matter, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 444, 570 (2007)).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

III. DISCUSSION

A.  Motion to Dismiss

Plaintiff seeks judicial review of Defendant's decisions regarding his medical care under the APA, alleging that Defendant's actions were "arbitrary, capricious, and an abuse of discretion."  ECF No. 11 ¶¶ 2, 96-99, 116, 141.  Plaintiff asserts that the APA entitles him to relief because Defendant's

4

actions were "(1) not committed to agency discretion by law; (2) was an agency action within the definition of 5 U.S.C. § 551; and (3) was a final agency action for which there is no other remedy in court." ECF No. 33 at 2.

The APA entitles any person "adversely affected or aggrieved by agency action" to "judicial review thereof," if the action is "final agency action for which there is no other adequate remedy." Heckler v. Chaney, 470 U.S. 821, 828 (1985). Courts must "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). However, "before any review at all may be had, a party must first clear the hurdle of § 701(a)," which bars judicial review of actions that are "committed to agency discretion by law." Heckler, 470 U.S. at 828.

In making this determination, the Court must consider three factors:

> 1) the action involves broad discretion, not just the limited discretion inherent in every agency action, 2) the action is the product of political, military, economic, or managerial choices that are not readily subject to judicial review; and 3) the action does not involve charges that the agency lacked jurisdiction, that the decision was motivated by impermissible influences such as bribery or fraud, or that the decision violates a constitutional, statutory, or regulatory command.

5

Davis Enterprises v. U.S. E.P.A., 877 F.2d 1181, 1185 (3d Cir. 1989) (citing Local 2855, AFGE (AFL-CIO) v. United States, 602 F.2d 574 (3d Cir. 1979)). Here, the parties dispute the first factor.

An agency action is "committed to agency discretion by law," § 701(a)(2), where the relevant statute "'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" Gentile v. Sec. & Exch. Comm'n, 974 F.3d 311, 319 (3d Cir. 2020) (quoting Lincoln v. Vigil, 508 U.S. 182, 191 (1993)). Section 4042(a)(2) of Title 18, which states that the BOP shall "provide for the safekeeping, care, and subsistence" of federal inmates, grants the BOP authority to make decisions regarding inmates' medical care. Defendant argues that such decisions are committed to agency discretion by law since the text of § 4042(a)(2) provides no standard for courts to evaluate decisions about medical care. ECF No. 31 at 10. "The one common thread running through the Supreme Court and Third Circuit precedents in this area is that where an agency's assertion that a decision committed to agency discretion by law has been upheld, on the face of the statute there is simply no law to apply in determining if a decision is correct." Raymond Proffitt Found. v. U.S. Army Corps of Eng'r, 343 F.3d 199, 206 (3d Cir. 2003) (cleaned up). "Those situations often involve 'a complicated balancing of a number of

6

factors which are peculiarly within [the agency's] expertise.'" Gentile, 974 F.3d at 319 (quoting Heckler, 470 U.S. at 831) (alteration in original).

The Third Circuit has yet to decide whether medical care decisions are committed to agency discretion by law, and the plain text of the statute does not set forth a standard by which to determine if Defendant's decision was correct. However, an agency's regulations may provide a basis for review. Raymond, 343 F.3d at 206. To provide a basis for review, an agency's regulations must list factors an agency must consider in reaching a decision. M.B. v. Quarantillo, 301 F.3d 109, 113 (3d Cir. 2002). "[The Third Circuit] has held that where regulations list factors an agency must consider in reaching a decision, there is sufficient guidance for a court to determine whether the agency had acted arbitrarily and capriciously." Id. "Once the agency has articulated factors to be considered. . . the agency effectively has limited its own discretion and would not be free to make a decision based exclusively on factors not contained in the regulations." Davis Enterprises v. U.S. E.P.A., 877 F.2d 1181, 1186 (3d Cir. 1989).

To constitute an internal policy such that a court may use it to review agency action, the agency must officially direct or require agents to follow specific practices or procedures. See Hondros v. U.S. Civil Service Com'n, 720 F.2d 278, 294 (3d Cir.

7

1983). For example, in Hondros, the Court found that an official memorandum directing the agency to use specific procedures in making hiring decisions, constituted an internal policy reviewable under an arbitrary, capricious, or abuse of discretion standard. Id. Specifically, the Court held that policy was reviewable since the agency obligated itself to follow the specific procedures. Id.

Here, Plaintiff alleges that Defendant's decisions regarding his medical care were not committed to agency discretion by law because Program Statement 6031.04 ("PS 6031.04") limited the Defendant's discretion and rendered its decisions reviewable under the APA. ECF No. 33 at 2-3. However, BOP Program Statements are not "regulations" that would provide a basis for review. Reno v. Koray, 515 U.S. 50, 61 (1995)(stating that BOP Program Statements are not "published regulations subject to the rigors of the [APA]"); see also Cyrus v. Laino, No. 4:CV-08-1085, 2008 WL 2858290, at *6 (M.D. Pa. July 22, 2008) ("A policy manual does not have the force of law and does not rise to the level of a regulation. . . . Further, a violation of an internal policy does not automatically rise to the level of a Constitutional violation."). Instead, BOP Program Statements, such as PS 6031.04, "are 'internal agency guidelines,' rather than "published regulations subject to the rigors of the Administrative Procedure Act,' and thus 'do not

8

create entitlements enforceable under the APA.'"  Solan v. Zickefoose, 530 F. App'x 109, 112 (3d Cir. 2013) (quoting Reno, 515 U.S. at 61; Robinson v. Sherrod, 631 F.3d 839, 842 (7th Cir. 2011)).

Plaintiff also claims that PS 6031.04 is an internal policy that limited Defendant's discretion because of Defendant's broad use of InterQual, a criteria-based software.  ECF No. 33 at 5-6. PS 6031.04 requires BOP institutions to establish Utilization Review Committees ("URC") to review inmates' request for outside medical care. Patient Care, BOP Program Statement 6031.04, (June 3, 2014), available at https://www.bop.gov/policy/progstat/6031_004.pdf (last visited Mar. 19, 2021).  The URCs use InterQual to assist with determinations regarding inmate's request for outside medical care.  ECF No. 33 at 5-6.  Although Plaintiff agrees that PS 6031.04 does not list factors or criteria that determine whether an inmate can visit an outside specialist, Plaintiff argues that InterQual provides several factors that the URC considers in reaching their decisions.  Id.

Unlike the policy in Hondros, PS 6031.04 does not direct the URC to use InterQual, nor does PS 6031.04 obligate the Defendant to follow InterQual's criteria.  Thus, while InterQual may provide factors to consider, the Defendant's use of InterQual does not constitute an internal policy that provides a basis for review.  Accordingly, PS 6031.04 did not limit

9

Defendant's discretion or render its decisions reviewable under the APA.

The Court also concludes that Defendant's decision was not a "final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. "This limitation 'makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action.'" Harrison v. Fed. Bureau of Prisons, 248 F. Supp. 3d 172, 182 (D.D.C. 2017) (quoting Bowen v. Massachusetts, 487 U.S. 879, 903 (1988)), reconsideration granted on other grounds, 298 F. Supp. 3d 174 (D.D.C. 2018). Plaintiff's Federal Tort Claims Act claim against the United States for negligence and his Eighth Amendment claim against Dr. Abigail Lopez de Lasalle may continue to be adjudicated. The Federal Tort Claims Act provides monetary damages, and Plaintiff may obtain injunctive relief via his constitutional claim. As there are other ways for this Court to review the adequacy of Plaintiff's medical care, the APA is not Plaintiff's only option. Accordingly, the Court will grant the motion to dismiss and dismiss the APA claim against the Federal Bureau of Prisons.

B. Motion for a Temporary Restraining Order

Plaintiff also filed a motion for an emergency temporary restraining order and preliminary injunction, ECF No. 50, and motion to supplement that motion, ECF No. 54. The Court will

10

grant the motion to supplement.  Plaintiff asks the Court to order the BOP (1) to not transfer Plaintiff to another institution; and (2) to not retaliate against Plaintiff by placing him into the Special Housing Unit ("SHU") for seeking medical care and treatment.  ECF No. 50 at 1-2.  Defendants object to the motion.  ECF No. 58.

To obtain preliminary injunctive relief, the moving party must demonstrate: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017).

The Third Circuit has clarified the standard for granting a preliminary injunction, explaining that "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief."  Id. at 179.  "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four

11

factors, taken together, balance in favor of granting the requested preliminary relief." Id.

Plaintiff has failed to show imminent irreparable harm, which is a threshold issue for a preliminary injunction. Reilly, 858 F.3d at 176. Plaintiff's allegations are speculative and based on a remote future injury. While many future events are conceivable, Plaintiff must show more to meet his burden as to immediate, irreparable harm. "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a 'clear showing of immediate irreparable harm.'" Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (quoting Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989); see also Par Pharm., Inc. v. Quva Pharma, Inc., 764 F. App'x 273, 279 (3d Cir. 2019) ("To be imminent, the injury cannot be remote or speculative; it must be poised to occur before the District Court can hold a trial on the merits."); Moneyham v. Ebbert, 723 F. App'x 89, 92 (3d Cir. 2018) ("The irreparable harm alleged must be actual and imminent, not merely speculative."). Moreover, "[i]njunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Holiday Inns of America, Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969).

12

Here, Plaintiff makes speculative claims regarding prospective harms that have yet to occur. Plaintiff alleges he "would be sent to the Special Housing Unit (SHU) and transferred if he ever filed another medical sick call, email or cop-out seeking medical attention again." ECF No. 54 at 4. In support of this proposition Plaintiff directs this Court's attention to Exhibit 3 of his Motion to Supplement and Clarify his Request for Temporary Restraining Order and Injunctive Relief. However, Exhibit 3 does not support his position. Instead, in Exhibit 3, Plaintiff is merely instructed that he has already been interviewed regarding the medical issue he recently complained of and that he was already instructed "not to harass the Health Services Department" by consistently filing the same medical request.

Plaintiff was notified he "may be subject to disciplinary action and placement in the Special Housing Unit if [he] continue[s] to harass, refuse staff orders/programs, or become insolent." ECF No. 54 at 23. The Court concludes these allegations are simply too speculative and are based on a remote possible, future injury. This is insufficient to satisfy Plaintiff's burden. See, e.g., Stevens v. Jones, No. 16-8694, 2018 WL 6242467, at *3 (D.N.J. Nov. 29, 2018) ("Because Plaintiff's Motion relies on claims that are both speculative and based on harm in the indefinite future, Plaintiff is unable

13

to meet the burden of demonstrating irreparable harm if the injunction is denied."). Because Plaintiff has not satisfied the second factor for a temporary restraining order, the Court need not reach the other three factors. See Greater Phila. Chamber of Commerce v. City of Phila., 949 F.3d 116, (3d Cir. 2020) ("Generally, the moving party must establish the first two factors and only if these 'gateway factors' are established does the district court consider the remaining two factors.").

The Court will deny the motion.

C.   Motion for Counsel

Finally, the Court considers Plaintiff's second motion for the appointment of counsel. ECF No. 52. Appointment of counsel is a privilege, not a statutory or constitutional right, Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011), and is governed by the factors enumerated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. See id. at

14

155-56, 157 n.5; see also Cuevas v. United States, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the Tabron factors).

The Court concludes that the Tabron factors weigh against appointing counsel at this time; therefore, the Court will deny the motion for counsel.  Plaintiff has presented his case in a coherent, knowledgeable manner thus far and has capably argued intricate points of law.  Plaintiff asserts he is suffering from neurological traumas and mental injuries that impact his ability to litigate, but the Court has not seen any evidence of this in Plaintiff's well-reasoned motions and other filings.  He has demonstrated an ability to comply with Court rules and appropriately respond to Defendants' arguments.

Plaintiff's remaining constitutional and tort claims do not appear to be especially complex, and Plaintiff has not identified any anticipated trouble in prosecuting his claims beyond his unsupported claims of mental deficiencies.  The Court notes that there is a motion to preserve evidence pending before the Magistrate Judge, ECF No. 57, which indicates Plaintiff is familiar with the discovery process and able to take actions to participate in discovery.  Moreover, as the Court previously noted, it does not appear that extensive discovery is expected.  The grievances submitted by Plaintiff should serve to establish his requests for medical care, meaning the case would not be "solely a swearing contest."  Parham v. Johnson, 126 F.3d 454,

15

460 (3d Cir. 1997). Whether Plaintiff was denied care entirely is a question that should not need expert testimony as his records should establish what care was provided. An expert may be needed in his claims against Dr. Lopez, and so this factor weighs slightly in favor of appointing counsel. Plaintiff has not pointed to any difficulties in conducting discovery beyond the hurdles faced by all pro se prisoner plaintiffs. As Plaintiff is proceeding in forma pauperis, the Court accepts that he cannot afford counsel on his own, which also weighs slightly in favor of appointing counsel.

At this time, the balance of factors weighs against appointing counsel. The denial will be without prejudice, and Plaintiff may move again for the appointment of counsel by addressing the Tabron factors more specifically.

IV. CONCLUSION

For the reasons set forth above, the Court will grant Defendant's motion to dismiss and Plaintiff's motion to supplement. Plaintiff's claims against the Federal Bureau of Prisons will be dismissed without prejudice. Fed. R. Civ. P. 12(b)(6). Plaintiff's motions for a temporary restraining order and the appointment of counsel will be denied. An appropriate Order follows.

Dated: March 22, 2021          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.